IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PETEY MARTINEZ**, on behalf of himself and all others similarly situated, | CASE NO. |
| Plaintiff, | JUDGE |
| vs. | MAGISTRATE JUDGE |
| **MPOWER ENERGY NJ LLC** | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Defendant. | **JURY DEMAND ENDORSED HEREON** |

Plaintiff Petey Martinez ("Plaintiff"), on behalf of himself and all others similarly situated, for his Complaint against MPower Energy NJ LLC ("Defendant"), states and alleges as follows:

**INTRODUCTION**

1. This case challenges Defendant's policies and practices that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA").

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "FLSA Class").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under the OMFWSA (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under the OMFWSA because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

## PARTIES

7. Plaintiff is an adult individual residing in New York.

8. Within the last three years, Plaintiff and those similarly situated were employees of Defendant within the meaning of the FLSA and the OMFWSA.

9. Defendant is a New York limited liability company that is registered to do business in Ohio as a foreign limited liability company. Defendant can be served via its registered agent, Registered Agents Inc., 6545 Market Ave. N, Suite 100, Canton, Ohio 44721.

10. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and Ohio Rev. Code § 4111(D)(2).

11. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as Exhibit A.

## FACTUAL ALLEGATIONS

14. Defendant is a renewable energy provider that sells energy to residential and commercial customers in New York, New Jersey, Pennsylvania, Maryland, Ohio, and Connecticut.

15. Plaintiff and other similarly situated employees are or were employed by Defendant as Sales and Marketing Representatives, or other similar titles ("SMRs"). Plaintiff was employed by Defendant as an SMR in Columbus, Ohio.

16. SMRs' job duties are to solicit customers on Defendant's behalf.

17. After starting their day with a morning meeting at Defendant's office, SMRs go "into the field," going door-to-door to solicit customers on Defendant's behalf.

18. Although SMRs go door-to-door to solicit customers on Defendant's behalf, SMRs do not actually make or finalize any sales.

19. Rather, when a potential customer indicates an interest in Defendant's products, the potential customer is required to contact a third-party verification service. Defendant does not permit SMRs to be present when a potential customer contacts the third-party verification service.

20. Even after a potential customer contacts the third-party verification service, that potential customer has still not finalized a sales transaction with Defendant. Rather, the potential customer has to have a second verification call, which typically took place the day after the customer was solicited by an SMR.

21. Before the potential customer completes the second verification call, that potential customer has not entered into a binding contract with Defendant, and is not obligated to complete a transaction with Defendant. Nor is Defendant obligated to enter into a transaction with the potential customer.

22. Thus, SMRs' primary job duties are not "making sales" or "obtaining orders or contracts for services" within the meaning of 29 C.F.R. § 541.501.

23. Plaintiff and other similarly situated SMRs routinely work more than 40 hours in a workweek.

24. SMRs are not paid an hourly wage by Defendant. Rather, SMRs receive a base salary and commissions.

25. SMRs are not compensated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

26. Upon information and belief, Defendant incorrectly classifies its SMRs as exempt employees under the "outside sales employees" exemption under the FLSA and Ohio law.

27. Because SMRs are incorrectly classified as exempt under the FLSA, Defendant's failure to compensate SMRs at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek violates the FLSA and OMFWSA.

28. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

30. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> **All current and former Sales and Marketing Representatives (or other employees of Defendant who have similar job titles or perform similar job duties) who were employed by Defendant and who worked 40 or more hours in any workweek at any time in the three years preceding the date of the filing of this Action to the present.**

31. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

32. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

33. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and a class of current or former employees employed by Defendant in Ohio within the last two years.

34. The Rule 23 class is defined as:

> **All current and former Sales and Marketing Representatives (or other employees of Defendant who have similar job titles or perform similar job duties) who were employed by Defendant in Ohio and who worked 40 or more hours in any workweek at any time in the two years preceding the date of the filing of this Action to the present.**

35. The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential class but, upon information and belief, avers that it consists of at least 75 class members.

36. There are questions of law or fact common to the class including: whether Defendant incorrectly classified its SMRs as exempt and whether Defendant's misclassification of SMRs as exempt resulted in the underpayment of overtime compensation.

37. Plaintiff will adequately protect the interests of the class. His interests are not antagonistic to but, rather, are in unison with, the interests of the members of the class. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the class claims in this case.

38. The questions of law or fact that are common to the class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class are common to the class as a whole, and predominate over any questions affecting only individual class members.

39. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many classes members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Plaintiff and other similarly situated employees regularly worked over 40 hours per workweek in the three years preceding the filing of this Action.

42. Defendant failed to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked in excess of forty (40) each workweek.

43. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

44. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

45. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (OMFWSA Overtime Violations)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff and other similarly situated employees regularly worked over 40 hours per workweek in the two years preceding the filing of this Action.

48. Defendant failed to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked in excess of forty (40) each workweek.

49. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the OMFWSA, Ohio Rev. Code § 4111.03.

50. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff and any opt-in plaintiffs who join this case pursuant to 29 U.S. C. § 216(b);

C. Enter judgment against Defendant and in favor of Plaintiff and the Ohio Class;

D. Award Plaintiff and the putative class actual damages for unpaid wages;

E. Award Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the putative class;

F. Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

G. Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

H. Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: jmoyle@ohlaborlaw.com

Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage St., N.W., Suite D
Massillon, Ohio 44646
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs demands a trial by jury on all eligible claims and issues.

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle
*One of the Attorneys for Plaintiff*

9